UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE SMITH-DAVIS,

Plaintiff,

v.

MICHIGAN, STATE OF, *et al.*,

Defendants.
_____________________________________/

Civil Action No. 25-12108

Matthew Leitman
United States District Judge

David R. Grand
United States Magistrate Judge

**REPORT AND RECOMMENDATION TO TERMINATE WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS (ECF No. 30) AND TO REFER THE CASE FOR A SETTLEMENT CONFERENCE**

*Pro se* plaintiff Maurice Smith-Davis ("Smith-Davis") brings this civil action against the State of Michigan, the Michigan Department of Corrections ("MDOC"), and several of their employees (collectively, "Defendants"), alleging violations of his rights related to his employment with the MDOC. (ECF No. 26).[1] In his operative amended complaint, Smith-Davis alleges that he "was terminated from his employment with the Michigan Department of Corrections" on August 26, 2025, which is about six weeks after he filed the original complaint in this case. (*Id.*, PageID.295).

On February 5, 2026, Defendants filed a motion to dismiss directed at Smith-Davis' amended complaint. (ECF No. 30). That motion is fully briefed. (ECF Nos. 32, 35). On May 12, 2026, Smith-Davis filed a "request" in which he asks the Court to hold a settlement

[1] Pursuant to 28 U.S.C. § 636(b)(1), the case has been referred to the undersigned for all pretrial purposes. (ECF No. 11).

conference in this case. (ECF No. 36). Defendants did not file a response to Smith-Davis' request.

Having reviewed Smith-Davis' request and the parties' respective motion to dismiss papers, the Court finds it appropriate to conduct a settlement conference in this matter. Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss **(ECF No. 30)** be **TERMINATED WITHOUT PREJUDICE**, and that this case be referred for a settlement conference. In the event the case does not settle, Defendants' motion to dismiss can be reinstated *sua sponte*, after which the undersigned will promptly schedule a hearing.

Dated: August 4, 2026
Ann Arbor, Michigan

s/David R. Grand
DAVID R. GRAND
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any

objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager